IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**FRANK E. VOTH,**

        Plaintiff,

    v.

**SUPERINTENDENT AMISBERRY**, et al.,

        Defendants.

No. 2:16-CV-02200-AC

OPINION AND ORDER

**MOSMAN, J.**,

On November 21, 2016, Frank E. Voth ("Voth"), an inmate at Two Rivers Correctional Institution ("TRCI"), filed, among other things, a Complaint alleging civil rights violations and an Application to Proceed *In Forma Pauperis* ("IFP"). Judge Simon denied Voth's Application to Proceed IFP on December 6, 2016. Several days later, Voth appealed the denial of his IFP application to the Ninth Circuit. On January 17, 2017, while his appeal to the Ninth Circuit was still pending, Voth moved for reconsideration of the Order denying his IFP application. On February 7, 2017, Judge Simon concluded this Court lacked jurisdiction to consider Voth's motion for reconsideration of the Order denying his IFP application while the appeal of the Order was pending in the Ninth Circuit. Voth subsequently moved to disqualify Judge Simon from this action, and Judge Simon referred the disqualification motion to me. After careful consideration, I find no basis for Voth's allegations that Judge Simon would not be a fair or impartial decision maker or engaged in prejudicial conduct; therefore, I DENY Voth's Motion and Verification to Disqualify Judge Michael H. Simon [15].

1 –OPINION AND ORDER

I.   **LEGAL STANDARDS**

The standard for recusal under 28 U.S.C. § 144 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *U. S. v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983); *U.S. v. McTierman*, 695 F.3d 882, 891 (9th Cir. 2012). Put another way, the standard requires recusal if a reasonable third-party observer would perceive there is a "significant risk" that the judge would resolve the case on a basis other than the merits. *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *Clemens v. U.S. Dist. Court for the Central Dist. of Nevada*, 428 F.3d 1175 (9th Cir. 2005). The goal is to avoid "even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

II.   **DISCUSSION**

In his motion to disqualify, Voth asserts Judge Simon "has allowed the defendants to influence his judicial judgment and deny plaintiff's 'Motion for Reconsideration' under FRCP 60(b)(6) [on the grounds] plaintiff only had '28 days' to file said motion" even though Rule 60 only requires a motion for reconsideration be made "<u>within a reasonable time</u>." (Dkt. no. 16 at ECF p. 2[1] (emphasis in original)). Voth misreads Judge Simon's Order. First, Judge Simon did not deny Voth's motion for reconsideration, instead, he concluded this Court lacked jurisdiction to consider Voth's motion. Next, Judge Simon based his conclusion on the 28-day time limit for filing a motion under Federal Rules of Civil Procedure 60 set out in the Rules of Appellate Procedure, not the discretionary "within a reasonable time" limit for such a motion contained in the Federal Rules of Civil Procedure 60(c)(1).

---

[1] Plaintiff's Motion and Verification to Disqualify Judge Michael Simon consists of three documents – the Motion, a Statement of Facts, and a "Verification" supporting the Motion. However, the Clerk of the Court filed these three documents as one document. Reference to the page numbers refers to the pagination of the consolidated document.

Judge Simon's Order noted once a party files a notice of appeal, as Voth did after the denial of his application to proceed IFP, "the district court is generally divested of jurisdiction over the matters being appealed." (Dkt. no. 14 at 2 (citations omitted)). Judge Simon, however, continued his inquiry of whether he had jurisdiction to consider Voth's motion to reconsider, recognizing the Rules of Appellate Procedure give the district court jurisdiction to consider Rule 60 motions filed within 28 days after the judgment is entered. (*Id.* at 3 ("Pursuant to Fed. R. App. P. 4(a)(4)(iv), a motion filed under Fed. R. Civ. P. 60 must be filed within 28 days after the judgment is entered in order to have the effect of holding the pending notice of appeal in abeyance.")).

After construing Voth's motion as being brought under Federal Rules of Civil Procedure 60, Judge Simon correctly stated that for Voth's motion to be timely under the Federal Rules of Appellate Procedure he would have had to deliver it to prison authorities for mailing by January 3, 2017. (*Id.* at 4). As Judge Simon observed, because Voth did not sign his motion until January 4, 2017, "it defies logic that he could have timely delivered it to prison authorities for mailing." (*Id.*). Thus, Judge Simon determined Voth's motion did not hold his Notice of Appeal in abeyance, and this Court lacked jurisdiction to reconsider the Order denying Voth's IFP application. (*Id.*).

I find the record here reflects Judge Simon acted impartially and without any prejudice, giving careful consideration to Voth's motion and drawing all possible inferences in Voth's favor. For example, Judge Simon construed Voth's motion as being brought under Rule 60, one of the types of motions that hold a notice of appeal in abeyance if filed within the required 28-day time period. No reasonable person with knowledge of the above described facts would "perceive any risk" that Judge Simon resolved Voth's motion for reconsideration on a basis other than the jurisdictional requirements

proscribed in the Federal Rules of Appellate Procedure.[2]  *Liljeberg*, 486 U.S. at 860.  There is no appearance of partiality here.  *Id*.

### III.    CONCLUSION

For these reasons, I DENY Voth's Motion and Verification to Disqualify Judge Michael H. Simon [15].

DATED this   22nd   day of March, 2017.

>  /s/ Michael W. Mosman_____
> MICHAEL W. MOSMAN
> Chief United States District Judge

---

[2] It is clear that only the timing requirement for filing a Rule 60 motion under the Federal Rules of Appellate Procedure influenced Judge Simon's conclusion that this Court lacked jurisdiction to consider Voth's motion for reconsideration.  Therefore, it is not necessary to consider Voth's allegations that Judge Simon and Superintendent Amisberry are "good friends" so "all it takes is just a phone call and every motion [Voth] file[s] against this prison is going to be denied."  (Dkt. no. 16 at ECF p. 7).  Even assuming for the sake of argument, however, that Judge Simon and Superintendent Amisberry are friends, I find Voth's conclusory allegations that the friendship did or could influence Judge Simon's rulings in this case lack credibility.

4 –OPINION AND ORDER